380 P.2d 780

**In the Matter of a Member of the State Bar of Arizona, Robert E. YOUNT, Respondent.**

No. 7635.

Supreme Court of Arizona.

En Banc.

April 17, 1963.

after referred to as respondent, was entrusted with certain property of Mrs. Inloes including, among other things, a note and real property mortgage and the sum of $50.00 as and for the costs of filing a suit on behalf of Mrs. Inloes; that after receipt of the documents and money as aforesaid, and thereafter, despite numerous demands by Mabel M. Inloes and her other attorney, Norman Wykoff, the respondent failed and refused to return the documents and money as aforesaid and converted said sum of $50.00 to his own use.

## CHARGE II

*Findings:*

On or about February 11, 1960, the respondent received from the Phoenix Title & Trust Company the sum of $1398.74, which monies were collected by him as attorney for Mrs. Mabel M. Inloes; that the sum of $500.00 of said amount was designated as attorney's fee for the respondent, but the sum of $898.74 thereof was the property of Mabel M. Inloes. The respondent cashed the check issued by the Phoenix Title & Trust Company and deposited the same in his bank account. After numerous written and oral demands, the respondent has failed and refused to turn over the sum of $898.74, or any part thereof, to Mabel M. Inloes,

Donald D. Meyers, Phoenix, for State Bar of Arizona.

PER CURIAM.

This is a disbarment proceeding. It is before this court on findings of fact and recommendations of Local Administrative Committee as modified[1] and affirmed by the Board of Governors of the State Bar of Arizona. The findings as modified and affirmed are:

## CHARGE I

*Findings:*

After undertaking to represent Mrs. Mabel M. Inloes, Robert E. Yount, herein-

---

1. The modifications by the Board of Governors were to delete from the findings as to Count I the finding that respondent had failed to file a suit on behalf of Mabel M. Inloes and from Count II the finding that respondent had commingled certain funds with those of his own.

and has converted said money to his own use.

The committee finds that the aforesaid actions of the respondent toward his client, Mabel M. Inloes, violated Canon 11 of the Canons of Professional Ethics and Sections 32–365 and 32–267, Arizona Revised Statutes.

*Recommendation:* That respondent be disbarred.

Respondent was notified of the proceedings but did not file with the State Bar a request to be heard orally before the Board of Governors.

The Board of Governors of the Bar filed its recommendations with this Court on May 25, 1962. Respondent was notified of this action but has not requested to be allowed to file briefs or make oral argument. Rule 37, Rules of the Supreme Court, 17 A.R.S. states:

"Rule 37. Proceedings Before Court; Brief and Oral Argument; Decision

"If the respondent desires to file briefs and make oral arguments on the record as to why the recommendations of the board should not be adopted, he shall file with the clerk of this court his request therefor within twenty days after the mailing of such notice. Following the filing of such request, this court shall fix a time for the filing of briefs by respondent and the examiner and for argument. Following the date fixed for such argument, or twenty days after the mailing of such notice if no request has been filed by respondent, this court shall consider the recommendations and the record and render its decision."

Having carefully considered the record and the findings of fact, we adopt the recommendations of the Board of Governors of the State Bar and respondent is hereby disbarred.